**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

CRAIG ALPAUGH,

     Plaintiff,

     v.

**PHYAMERICA GOVERNMENT
SERVICES, INC. et al.,**

     Defendants.
_____

**1:14-cv-1514
(GLS/DJS)**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of James D. Hartt<br>70 Linden Oaks<br>3rd Floor<br>Rochester, NY 14625 | JAMES D. HARTT, ESQ. |
| **FOR THE DEFENDANTS:**<br>*PhyAmerica Government Services, Inc.*<br>Offit Kurman, P.A.<br>300 East Lombard Street, Suite 2010<br>Baltimore, MD 21202 | APRIL M. RANCIER, ESQ. |
| *White Stone Consulting, LLC*<br>Ruta Soulios & Stratis LLP<br>1500 Broadway, 21st Floor<br>New York, NY 10036 | JOSEPH A. RUTA, ESQ. |

**Gary L. Sharpe
Senior District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiff Craig Alpaugh commenced this action against defendants PhyAmerica Government Services, Inc. and White Stone Consulting, LLC, alleging claims pursuant to Title VII of the Civil Rights Act of 1964.[1] Pending are defendants' pre-answer motions to dismiss for failure to state a claim. (Dkt. Nos. 12, 13.) For the reasons explained below, the motions are granted.

### II. **Background**[2]

While employed by PhyAmerica as a physician's assistant at Fort Drum Military Base, Alpaugh worked with nurse practitioner Lucille McDermott, an employee of White Stone. (Compl. ¶¶ 9, 14, 17, 18, Dkt. No. 1.) McDermott "repeatedly [made] inappropriate comments regarding Islam/Muslims, Hispanics, African-Americans, and a female co-worker." (*Id.* ¶ 17.) Alpaugh, who is "not a member of the protected classes" that were targeted by McDermott, found the comments "to be highly insulting

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

[2] Consistent with the applicable standard of review, the facts are drawn from the complaint and presented in the light most favorable to Alpaugh.

and offensive" and "unwelcome, insensitive and outrageous." (*Id.* ¶¶ 18, 21, 28.)

Alpaugh first complained about these comments to White Stone's chief executive officer in March 2012. (*Id.* ¶ 30.) White Stone, however, "failed to adequately investigate, or to intervene after discovering through its bad faith investigation, corroboration of [Alpaugh]'s allegations as to hostile work environment." (*Id.* ¶ 31.) Additional complaints made by Alpaugh to White Stone were unavailing. (*Id.* ¶ 32.) Alpaugh also complained to his own supervisor with PhyAmerica, but no satisfactory action was taken. (*Id.* ¶ 33.) In December 2012, Alpaugh complained of a hostile work environment, in writing, to both PhyAmerica and White Stone. (*Id.* ¶ 39.) Alpaugh was fired shortly thereafter despite having "received a raise for satisfactory performance" just one month prior. (*Id.* ¶¶ 44, 45.)

After his termination, Alpaugh filed a complaint with the New York State Division of Human Rights (DHR), where he complained of unlawful discrimination; in his DHR complaint, Alpaugh admitted that he was not a member of any protected class targeted by McDermott's remarks. (*Id.* ¶ 4;

Dkt. No. 1, Attach. 2; Dkt. No. 12, Attach. 2 at 3.)[3]

The parties are in agreement that, as a result of the foregoing, Alpaugh alleges claims of discrimination, hostile work environment, and retaliation pursuant to Title VII. (Compl. ¶¶ 11-49.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

### IV. Discussion

Defendants argue that none of Alpaugh's claims are viable. In particular, defendants assert that, because Alpaugh is not a member of any protected class, his claims of discrimination and hostile work environment cannot stand. (Dkt. No. 12, Attach. 1 at 2-7; Dkt. No. 13,

---

[3] The DHR complaint, which was submitted by PhyAmerica along with its motion papers, (Dkt. No. 12, Attach. 2), has been taken into consideration by the court. Indeed, because the complaint references Alpaugh's charge of discrimination, the document was incorporated by reference. Additionally, complaints filed with the DHR are public records of which the court may, and does here, take judicial notice. *See Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006).

4

Attach. 1 at 2.)  As for the retaliation claim, defendants contend that Alpaugh failed to exhaust his administrative remedies on that issue and that the claim is not "reasonably related" to the claims that he did raise with DHR such that an exception to the exhaustion rule applies.  (Dkt. No. 12, Attach. 1 at 8-11; Dkt. No. 13, Attach. 1 at 3-4.)  White Stone separately argues that the claims asserted against it must be dismissed for a more fundamental reason: it is not Alpaugh's employer and therefore is not subject to liability under Title VII.  (Dkt. No. 13, Attach. 1 at 3-4.)[4]  Because Alpaugh has failed to state a claim, as explained below, his complaint must be dismissed.

In order to state a claim for relief under Title VII for discrimination or hostile work environment, the plaintiff must establish that he or she is a member of a protected class.  *See Gladwin v. Pozzi*, 403 F. App'x 603, 605 (2d Cir. 2010) (reciting the elements of a Title VII discrimination claim, which includes that the plaintiff "falls within a protected class"); *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (explaining that "it is 'axiomatic'

---

[4] As urged by White Stone, (Dkt. No. 13, Attach. 1 at 3-4) — and unopposed by Alpaugh — the claims asserted against it must be dismissed because White Stone, who was not Alpaugh's employer, is not subject to liability under Title VII.  *See* 42 U.S.C. § 2000e-2(a)(1) (declaring as unlawful an *employer's* discrimination based on race, color, religion, sex, or national origin).  For this elementary reason, White Stone's motion is granted.

5

that . . . a plaintiff must demonstrate that the conduct [giving rise to a hostile work environment] occurred because of" his or her protected class characteristic (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

Here, Alpaugh's discrimination and hostile work environment claims fail because he cannot establish a prima facie case. With respect to both of those claims, he is admittedly not a member of any protected class. Indeed, Alpaugh concedes in his complaint and his DHR complaint that he "was and is not a member of the protected class attributable to the vile and insensitive comments made by McDermott." (Compl. ¶ 28; Dkt. No. 12, Attach. 2 at 3.)[5] Because protected class membership is an element of those claims, Alpaugh cannot possibly recover under Title VII.

Turning now to Alpaugh's retaliation claim, as a prerequisite to filing Title VII claims in federal court, the plaintiff "must first present 'the claims

---

[5] The cases cited by Alpaugh in opposition to this argument, (Dkt. No. 16 at 5-8), miss this basic point. For example, there is no doubt that a plaintiff complaining of a hostile work environment need not be the target of the offensive conduct. *See, e.g.*, *Cruz*, 202 F.3d at 570. What Alpaugh conveniently overlooks, however, is that conduct prohibited by Title VII, even if not directed at the plaintiff, must be targeted at some protected class and the plaintiff must also be a member of that protected class or another. *Id.* ("Remarks targeting members of *other minorities*, for example, may contribute to the overall hostility of the working environment for a *minority employee*." (emphasis added and citation omitted)). The logic of *Cruz* is obvious: a work environment dominated by hostility against one particular racial group (or other protected class) tends to show an employer's more generic racial (or other) discrimination.

forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency.'" *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (quoting *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir.2006) (per curiam) (citing 42 U.S.C. § 2000e-5)). Claims that are not presented to the EEOC or, as relevant here, DHR, may be raised all the same provided that they are "reasonably related to the claim[s] filed with the agency." *Id.* (internal quotation marks and citation omitted). "A claim is considered reasonably related to conduct complained of in the EEOC [or DHR] charge if, for instance, it 'would fall within the reasonably expected scope of an EEOC [or DHR] investigation of the charges of discrimination.'" *Amin v. Akzo Nobel Chems., Inc.*, 282 F. App'x 958, 961 (2d Cir. 2008) (quoting *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002)). Distilled to its essence, "the reasonably related standard means that loose pleading is permitted before the EEOC" or DHR. *Id.* (internal quotations marks and citation omitted)

    Here, Alpaugh failed to explicitly raise a claim of retaliation in the DHR complaint by checking the "Retaliation" box or making specific factual

7

allegations. (Dkt. No. 12, Attach. 2 at 3.)[6] He did, however, mention the "loss of [his] employment" in the factual narrative he provided, (*id.* at 5), and the DHR Determination After Investigation[7] reveals that the DHR investigation touched upon Alpaugh's firing, (Dkt. No. 1, Attach. 2 at 4 ("PhyAmerica . . . maintains that [Alpaugh]'s employment was terminated on the instruction of the U.S. Army."); *Id.* at 6 ("[I]f PhyAmerica was aware of [Alpaugh]'s allegations prior to his termination, and no action was taken, this could indicate a failure by [PhyAmerica] to provide [Alpaugh] with a work environment free from unlawful discrimination.") Alpaugh's unexhuasted retaliation claim is not reasonably related to his exhausted claims. Indeed, the allegations and ensuing DHR investigation cannot be

---

[6] Alpaugh's contention to the contrary, which fails to point to any prevailing case law, (Dkt. No. 16 at 11), is rejected. As explained below, even if Alpaugh complained to PhyAmerica about McDermott's comments prior to his termination as Alpaugh alleged in his DHR complaint, he failed to take the critical additional step of claiming that his termination had anything to do with his complaints of discrimination. In fact, his "loss of employment," (Dkt. No. 12, Attach. 2 at 5), does not appear at all relevant to his complaint of discrimination. It, instead, seems to be mentioned by Alpaugh only as a temporal anchor, which fixes the timing and intensity of certain comments attributed to McDermott. (*Id.*) Alpaugh's other assertion, that, because the DHR complaint did not name PhyAmerica as a party to the discrimination, he had no opportunity to allege a retaliation claim against Phy America, (Dkt. No. 16 at 11), does not impact the exhaustion analysis. Although the DHR complaint is bizarre in that it was filed against individuals not affiliated with Alpaugh's employer, (Dkt. No. 12, Attach. 2 at 2), it does not change the fact that a claim of retaliation was not alleged, nor were facts alleged that fairly encompassed retaliation.

[7] This document was attached to the complaint, (Dkt. No. 1, Attach. 2), and is, therefore, properly before the court. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995).

fairly viewed as encompassing a claim of retaliation. *See Jenkins v. N.Y.C. Transit Auth.*, 646 F. Supp. 2d 464, 473 (S.D.N.Y. 2009). While the court gives little weight to the cases relied upon by PhyAmerica, which primarily emanate from out-of-Circuit authorities, (Dkt. No. 12, Attach. 1 at 9-11), it nonetheless is convinced that Alpaugh's failure to exhaust should not be excused.

Perhaps the best guidance on the issue from within the Second Circuit body of law comes from *Amin*. There, the plaintiff, like Alpaugh, apparently failed to check the appropriate box to indicate retaliation, and, instead, only indicated that he was discriminated against on the basis of age, religion, and national origin. *See* 282 F. App'x at 961. Critically, the plaintiff in *Amin* submitted an affidavit along with his EEOC complaint in which he alleged "that his employment . . . had been terminated *for those reasons*." *Id.* (emphasis added). Because the plaintiff alleged discriminatory termination, the Circuit reasoned that the EEOC investigation "would involve a review of [the employer]'s stated reasons for [the] discharg[e]," and that "[r]elevant evidence would include [the plaintiff]'s annual performance reviews," which included documents that referenced the plaintiff's prior complaints of discrimination in violation of

9

Title VII. *Id.* Therefore, the Court held that the investigation by the EEOC "would reasonably be expected to assess whether [the plaintiff's] complaints to [the employer] of discrimination on that basis played a role in [the employer]'s decision to discharge [the plaintiff]." *Id.* The instant case is readily distinguishable from *Amin*. What is starkly absent here is any allegation by Aplaugh that connects his "loss of employment," (Dkt. No. 12, Attach. 2 at 5), to his complaints about discrimination or hostile work environment. Despite the loose pleading standard, Alpaugh's retaliation claim is not reasonably related to the exhausted claims because retaliation would not fall within the reasonably expected scope of the DHR investigation for discrimination and hostile work environment given the allegations made in the DHR complaint. Accordingly, Alpaugh's failure to exhaust that claim requires dismissal.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that PhyAmerica's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that White Stone's motion to dismiss (Dkt. No. 13) is **GRANTED**; and it is further

10

**ORDERED** that Alpaugh's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 24, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge